# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGENETIX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FRUTAROM USA, INC., <br><br> Defendant. | CASE NO. 12CV2823-GPC(WMC) <br><br> **ORDER GRANTING DEFENDANT'S** *EX PARTE* **APPLICATION** |

On June 10, 2013, Defendant filed an *ex parte* application for denial or continuance of Plaintiff's motion for summary judgment under Federal Rule of Civil Procedure 56(d). (Dkt. No. 25.) On June 13, 2013, Plaintiff filed an opposition. (Dkt. No. 28.) On June 14, 2013, Defendant filed a reply. (Dkt. No. 29.) After a review of the briefs, supporting documentation and status of the case, the Court GRANTS Defendant's *ex parte* application.

**Discussion**

On November 21, 2012, Plaintiff Imagenetix, Inc. filed a complaint against Defendant Frutarom USA, Inc. for breach of contract; intentional misrepresentation; negligent misrepresentation; fraud in the inducement; and violation of California Business & Professions Code section 17200. (Dkt. No. 1, Compl.) Frutarom distributed BLIS K12, a product used to treat different conditions. (Id. ¶ 1.) Plaintiff and Defendant entered into a supply agreement ("Agreement") whereby Defendant agreed to supply BLIS K12 to Plaintiff and warranted that sales of BLIS K12 were

authorized by the FDA. (Id.) Plaintiff manufactured, marketed and sold BioGuard, a product that incorporated BLIS K12. (Id.) It later learned that BLIS K12 was not approved by the FDA. (Id.) Plaintiff contends that Frutarom breached the warranty in the parties' Agreement that "the Raw Material [BLIS K12] shall conform to all applicable Federal, State and local laws, regulations and rules." (Id. ¶ 22.)

An answer was filed on March 8, 2013 along with a Counterclaim against Plaintiff for breach of contract. (Dkt. No. 15.) On March 20, 2013, Plaintiff filed an answer to the counterclaim. (Dkt. No. 19.) On March 11, 2013, Magistrate Judge McCurine held an early neutral evaluation conference and set a case management conference for May 20, 2013. (Dkt. No. 20.) On May 8, 2013, prior to the case management conference, Plaintiff filed a motion for partial summary judgment on Defendant's liability for breach of express warranty. (Dkt. No. 21.) Defendant's opposition is due on June 21, 2013.

On June 10, 2013, Defendant filed an *ex parte* motion to deny or continue Plaintiff's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(d). (Dkt. No. 25.) On June 13, 2013, Plaintiff filed an opposition. (Dkt. No. 28.) On June 14, 2013, Defendant filed a reply. (Dkt. No. 29.)

**Discussion**

Federal Rule of Civil Procedure 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it." Fed. R. Civ. P. 56(d). "To prevail under . . . Rule [56(d) ], [a] part[y] opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004). The burden is on the party seeking additional discovery to demonstrate Rule 56(d) applies. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 (9th Cir. 2009).

1    Defendant contends that Plaintiff's motion for partial summary judgment should
2 be denied or deferred because it needs to conduct discovery in order to oppose the
3 motion for summary judgment. Specifically, Defendant asserts that it needs discovery
4 regarding 1) Plaintiff's knowledge regarding limitations on the claims it could make
5 about BLIS K12; 2) Plaintiff's letter to the Office of Nutritional Products, Labeling and
6 Dietary Supplements, Center for Food Safety and Applied Nutrition, Food and Drug
7 Administration setting forth that it was incorporating BLIS K12 into BioGuard and
8 setting forth the claims Plaintiff intended to make for its product; 3) representations
9 made by William P. Spencer, the President of Imagenetix; 4) an opinion letter dated
10 June 19, 2007 that may undercut its claims that it learned BLIS K12 was not compliant
11 with FDA laws after a customer complaint; 5) an arbitration award against Plaintiff's
12 president; 6) Frank Sajovic, Plaintiff's consultant and the primary contact between
13 Plaintiff and Defendant; 7) Plaintiff's failure to provide Defendant with notice of the
14 breach of the warranty and 8) expert testimony. Moreover, the fact that Plaintiff filed
15 a Separate Statement of Undisputed Material Facts reveals that factual discovery needs
16 to be conducted.

17    Plaintiff opposes the *ex parte* application arguing that the discovery Defendant
18 seeks is irrelevant to the motion for partial summary judgment.

19    The motion for partial summary judgment seeks the Court to establish that 1)
20 Defendant made an express warranty that BLIS K12 would conform to all Federal,
21 State, and local laws, regulations, and rules; 2) that Defendant's express warranty was
22 a basis of the bargain; and 3) Defendant breached the express warranty because BLIS
23 K12 did not conform with the applicable Federal laws, regulations and rules. (Dkt. No.
24 28; P's Opp. at 3.) According to the Joint List of Determinative Issues submitted by
25 the parties to Magistrate Judge McCurine, Defendant represented that two issues on the
26 complaint were possible for resolution on a motion for partial summary judgment:
27 BLIS K12 is not an "unapproved new drug" and "'[p]remarket notification' was not
28 required prior to Frutarom USA, Inc's sale and distribution of BLIS K12." (Dkt. No.

28-2 at 4.)    A review of the relevant documents at issue reveals that Plaintiff's motion for partial summary judgment is not a simple and straightforward issue of whether Defendant violated the Agreement between the parties by expressly warranting that BLIS K12 would conform to all Federal, State and local laws, regulations and rule.  It appears there are a host of issues, legal and factual, that would affect the breach of contract claim.   As Defendant points out, the motion was filed twelve days before the initial case management conference.  Moreover, there are fifty (50) facts listed in Plaintiff's Separate Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment.  The Court concludes that Defendant has shown that it has not had the opportunity to conduct sufficient discovery to oppose the motion for partial summary judgment.

## Conclusion

Accordingly, the Court GRANTS Defendant's *ex parte* application for denial or continuance of Plaintiff's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  Specifically, the Court DENIES Plaintiff's motion for partial summary judgment as premature and DIRECTS the parties to contact the chambers of Magistrate Judge McCurine to conduct expedited discovery in preparation for the issues in Plaintiff's motion for partial summary judgment.  The magistrate judge shall issue a scheduling order concerning expedited discovery and a scheduling order for a renewed motion for partial summary judgment by Plaintiff.

IT IS SO ORDERED.


DATED:  June 18, 2013

HON. GONZALO P. CURIEL
United States District Judge