UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGENETIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRUTAROM USA, INC., <br><br> Defendant. | Case No. 12-CV-2823 GPC (WMc) <br><br> **ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE** |

On November 13, 2013, the Court held a telephonic discovery conference in the above-entitled matter. Daniel Kotchen, Esq., appeared for Plaintiff. Frederick Ball, Esq., appeared for Defendant. Upon careful consideration of the parties' joint discovery statement and after hearing from counsel of record, the Court issues the following orders:

1. **Defendant shall produce the unredacted versions of documents set forth in Appendix A** to the parties' Joint Statement **no later than November 27, 2013**. Although the documents at issue were originally redacted by Defendant on relevance grounds in places where the M18 strain of S. Salivarius was mentioned, Plaintiff challenged the redaction on the grounds that BLIS K12 and S. Salivarius M18 are similar and have been marketed together by Defendant. In addition, Plaintiff argues there is no prejudice to Defendant in producing the unredacted documents regarding S. Salivarius M18 because Defendant no longer

produces S. Salivarius M18.  After discussing the S. Salivarius strains with counsel, the Court is persuaded of the various strains' similarity and finds the unredacted documents relevant to Plaintiff's claims concerning the regulatory status of BLIS K12.  *See* Fed. R. Civ. P. 26(b)(1).[1]

2.  **Defendant shall produce its BLIS K12 supply agreement** with the "Dr. Katz" company **no later than November 27, 2013.**  Defendant opposed production of its supply agreement with Dr. Katz on the ground that its supply contract with a third-party is irrelevant to its claims.  However, Defendant has already produced its email communications with Dr. Katz and has agreed to produce non-privileged documents regarding BLIS K12's regulatory status.  Plaintiff contends the supply agreement at issue may have relevant information about representations Defendant made regarding BLIS K12's regulatory status.  The Court agrees and orders the production of the BLIS K12 supply agreement with Dr. Katz.  *See* Fed. R. Civ. P. 26(b)(1).

**It is further ordered**, based on representations made during the telephonic discovery conference in response to Plaintiff's argument that the supply agreement with Dr. Katz is also relevant to Defendant's counterclaim, **that Defendant's "lost profits" claim is limited to the $12,000 it claims Plaintiff agreed to pay after termination of their contract.**  No other evidence of lost profits shall be allowed.

**IT IS SO ORDERED.**

DATED: November 13, 2013

*(signature)*

Hon. William McCurine, Jr.
U.S. Magistrate Judge,  U.S. District Court

---

[1]  "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."