Daniel Kotchen (Admitted *pro hac vice*)
**KOTCHEN AND LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 416-1848
Email:   dkotchen@kotchen.com
          adoyle@kotchen.com

Gregory P. Olson (SBN 177942)
**LAW OFFICE OF GREGORY P. OLSON**
501 West Broadway , Suite 1370
San Diego, CA 92101
Telephone: (619)564-3650
Facsimile: (619)233-1969
Email:   greg@olsonesq.com

Attorneys for IMAGENETIX, INC.

Frederick R. Ball (pro hac vice) (Ill. 6236660)
Keith Zakarin (SBN 126528)
Karen L. Alexander (SBN 265926)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:   (619) 744-2200
Facsimile:   (619) 744-2201
E-mail:   frball@duanemorris.com
             kzakarin@duanemorris.com
             klalexander@duanemorris.com

Attorneys for FRUTAROM USA, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMAGENETIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRUTAROM USA, INC., <br><br> Defendant. <br> ──────────────── <br> FRUTAROM USA, INC., <br><br> Counterclaimant, <br><br> v. <br><br> IMAGENETIX, INC., <br><br> Counter defendant. | Case No.  12CV2823 GPC (WMC) <br><br><br> **JOINT STATUS REPORT** |

Pursuant to the Court's February 3, 2016 Order (Dkt. No. 64), Imagenetix, Inc. ("Imagenetix") and Frutarom USA, Inc. ("Frutarom") hereby submit a status report on the proceedings before the FDA, and the proceedings' implications on this case.  The parties have different views on the implications of the FDA's review of Imagenetix's Citizen Petition on this case and thus submit separate sections for the Court's consideration.

## I. IMAGENETIX'S POSITION

1.      As directed by the Court, on January 31, 2014, Imagenetix submitted to the FDA a Citizen Petition.  *See* Citizen Pet. (Ex. 1).  On May 1, 2014, Frutarom submitted to the FDA a response to Imagenetix's Citizen Petition.  *See* Frutarom Resp. (Ex. 2).

2.      On August 11, 2014, Imagenetix received an "interim response" from the FDA stating that the FDA's "limited availability of resources" prevented the agency from "reach[ing] a decision" on Imagenetix's petition within the prescribed 180-day time frame.  Letter from C. Christin to D. Kotchen (Aug. 11, 2014) (Ex. 3).  Since that letter, Imagenetix's counsel has repeatedly sought updates from agency representatives concerning the timing of the agency's Citizen Petition response.  Imagenetix's counsel recently had a call with the FDA (on February 2, 2016) and was told that the agency was working on a response to the Citizen Petition, but could not commit on a specific time frame for issuance of the response.

3.      Imagenetix is hopeful that the FDA will issue a Citizen Petition response within the next several months, although Imagenetix was also hopeful that the agency would issue its response in the first half of 2015.  Recognizing that it is impossible to precisely predict the timing of an FDA response, Imagenetix recommends that the Court and parties wait several more months for an FDA response before lifting the stay of this case in its entirety.  During this time, however, Imagenetix believes that the Court should partially lift the stay to allow the parties to complete the remaining six weeks of discovery

left when the stay was imposed.[1]  For at least four reasons, the equities favor partially lifting the stay to allow the parties to complete discovery.

4.      First, Frutarom's response to Imagenetix's Citizen Petition reflects that it pursued its primary jurisdiction argument in this Court for the purpose of delay.   In granting in part Frutarom's motion for summary judgment, the Court accepted Frutarom's argument that the Citizen Petition process could be used to seek review of the legality of BLIS K12 from the 2009 to 2011 time period in light of how the product "was being marketed and promoted at that time."  *See, e.g.*, Order at 8-10 (Dec. 9, 2013) (Dkt. No. 56).  But Frutarom then reversed course and argued to the FDA that the agency should not address how admittedly "therapeutic claims" affected the legality of BLIS K12 during the 2009 to 2011 period because the claims were made "approximately two years ago" and thus were outdated:

> Moreover, the use of therapeutic claims at one point in time would not convert a dietary supplement or ingredient into a drug for all time.  The FDA should confirm a claim which is no longer made does not affect regulatory status of the product.  As discussed above, after April 2011, Imagenetix ceased selling BioGuard and Frutarom ceased distributing BLIS K12.  Therefore, the FDA should not find that BLIS K12 violated the FDCA based on therapeutic claims made approximately two years ago relating to a product (BioGuard) which is no longer sold in the United States.

Frutarom Resp. at 5 (Ex. 2).

5.      Second, while it is unknown how the FDA will respond to the Citizen Petition, there is almost no chance that the FDA concludes that BLIS K12 was lawful to sell between 2009 to 2011 in light of therapeutic claims made during that time, which render the product an unapproved new drug.  Any such conclusion would change the law on therapeutic claims.  Indeed, the FDA previously barred importation of a BLIS K12 product in 2008 as an unapproved drug for substantively identical therapeutic claims to

---

[1] In February 2014, Imagenetix previously sought to partially lift the stay of the case to allow the parties to complete the remaining six weeks of discovery, which Frutarom opposed.  *See* Imagenetix Inc.'s Notice of FDA Determination at 2 (Dkt. No. 58).

those made from 2009 to 2011.[2]  The FDA then subsequently included BLIS K12 on an Import Alert list of products that were to be detained without physical examination because they constituted "unapproved new drugs promoted in the U.S."[3]  Even Frutarom seems to now acknowledge that the promotional claims at issue in this case were in fact "therapeutic claims" – *i.e.*, claims that render a product a drug.  *See* Frutarom Resp. at 5 (Ex. 2) ("[T]he FDA should not find that BLIS K12 violated the FDCA based on therapeutic claims made approximately two years ago[.]").

6.     Third, partially lifting the stay will help mitigate the prejudice to Imagenetix of this case's two-year delay by shortening the case, reducing discovery-related costs (*e.g.*, discovery data hosting fees, which Imagenetix has incurred throughout the pendency of the stay), and minimizing to a degree the amount of discoverable evidence lost or diminished due to the passage of time (*e.g.*, faded witness memories).

7.     Finally, Frutarom suggests that lifting the stay on discovery is unwarranted because the FDA's decision will "dispose of all issues in the case." Frutarom's position lacks merit. Much of the remaining discovery involves the issue of damages, which will almost certainly need to be completed. And the principle case on which Frutarom relies in opposing the reopening of discovery, *Barrera v. Comcast Holdings Corp.*, is easily distinguishable. No. 14-cv-00343-TEH, 2014 WL 1942829, at *4 (N.D. Cal. May 12, 2014) (unpublished decision) (Ex. 5). In *Barrera*, the court simply granted the defendant's initial motion to stay, pursuant to the primary jurisdiction doctrine. *Id.* at *3. In contrast, here, the case has been stayed for two years. Given this lengthy delay in the case, the balance of the equities favors reopening discovery to expedite final resolution.

## II. FRUTAROM'S POSITION

Frutarom agrees with Imagenetix's recommendation that the Court continue to stay the action until the FDA rules on the pending Citizen Petition.   (*See ¶ 3, supra.*)

---

[2] *See* Imagenetix, Inc.'s Mem. of Law in Support of its Mot. for Partial Summ. J. at 4 (Dkt. No. 35-1).
[3] Imagenetix, Inc.'s Notice of FDA Determination at 1 (Dkt. No. 58).

However, Furtarom disagrees with Imagenetix's recommendation that the Court reopen discovery while the parties await the FDA's decision.  Reopening discovery at this point in the proceedings would be an inefficient use of the parties' and judicial resources, as the FDA's ruling will likely dispose of all issues in the case.

**A.  The FDA Is Actively Considering Imagenetix's Citizen Petition**

On December 9, 2013, this Court entered an order denying Imagenetix's motion for summary judgment, granting in part and denying in part Frutarom's motion for summary judgment, and staying the case under the primary jurisdiction doctrine.  (*See* Dkt. No. 56.) The primary jurisdiction doctrine "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency."  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  This Court stayed the instant proceeding "pending a determination by the FDA on whether BLIS K12 is a drug, dietary supplement, old dietary ingredient or new dietary ingredient."  (Dkt. No. 56, pp. 14-15.)

Imagenetix filed a Citizen Petition regarding BLIS K12 with the FDA on February 11, 2014, which was assigned docket number FDA-2014-P-0181/CP1.  Frutarom filed its response to Imagenetix's Petition on May 1, 2014.  A true and correct copy of the docket is attached as Exhibit 4, and is also available from the agency website at http://www.regulations.gov/#!docketDetail;D=FDA-2014-P-0181.

Under the applicable regulations, the FDA Commission has 180 days in which to provide a response to a citizen petitioner.  21 C.F.R. § 10.30(e)(2).  The response will either (1) approve the petition; (2) deny the petition; or (3) provide a tentative response "indicating why the agency has been unable to reach a decision on the petition, e.g., because of the existence of other agency priorities, or a need for additional information." *Id*.

On August 11, 2014, the FDA issued a letter in response to Imagenetix's Citizen Petition advising that "we have not been able to reach a decision on your petition within the first 180 days of receipt of the petition because of the nature of the issues involved and

the limited availability of resources." (Ex. 3.) The parties have received no further written correspondence from the FDA, although Imagenetix's counsel reports that he recently spoke with the FDA and was told that the agency is working on its response to the Citizen Petition. (*See* ¶ 2, *supra*.)

**B.   A Ruling By The FDA in Favor of Frutarom's Position Is Likely To Be Dispositive Of All Claims and Counterclaims in the Action**

As this Court recognized in its ruling on the parties' motions for summary judgment, "the underlying issue on all Plaintiff's causes of action is whether BLIS K12 is a drug, dietary supplement, old dietary ingredient ('ODI') or a new dietary ingredient ('NDI') which must be determined prior to adjudicating whether Defendant is liable to Plaintiff." (Dkt. No. 56, pp. 6-7.) If the FDA renders a decision that BioGuard and/or BLIS K12 complied with the United States Federal Food Drug and Cosmetics Act ("FDCA") – as Frutarom is confident it will – then Imagenetix's entire case is over. In the event that the FDA renders a decision contrary to Frutarom's position, then the parties will be in a much better position to engage in settlement discussions at the upcoming Mandatory Settlement Conference. Either way, the FDA's forthcoming ruling will likely lead to a resolution of major issues in this case, thus it would be an inefficient use of judicial and party resources to engage in discovery before that time.

**C.   Reopening Discovery Before the FDA Rules on the Citizen Petition Would Be An Inefficient Use of Judicial and Party Resources**

Reopening discovery before the FDA rules on Imagenetix's Citizen Petition would be an inefficient use of the parties' and the Court's resources when there is a strong possibility that the FDA's ruling will dispose of the entire case. The District Court has broad discretion to manage discovery to conserve judicial and litigant resources and to avoid prejudice. *See* Fed. R. Civ. P. 26; *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936) (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). For the reasons set forth

below, none of Imagenetix's three proffered rationales for reopening discovery has merit.

First, Imagenetix argues that discovery should be reopened because Frutarom's only purpose in raising the primary jurisdiction argument was to cause delay. (*See* ¶ 4, *supra*.) This argument lacks any merit, as demonstrated by the fact that the Court *granted* Frutarom's motion for summary judgment under the primary jurisdiction doctrine, as well as the fact that the FDA is currently considering Imagenetix's Citizen Petition.

Second, Imagenetix argues that discovery should be reopened because there is "almost no chance" that the FDA will rule in Frutarom's favor. (*See* ¶ 5, *supra*.) Not only does this argument ask the Court to decide the very issue that it has previously determined is within the primary jurisdiction of the FDA (that is, the merits of Imagenetix's Citizen Petition), but it is also irrelevant. As discussed in the previous section, a ruling by the FDA *in either direction* will further a resolution of the entire case.

Third, Imagenetix argues that it will be prejudiced if discovery is not reopened. (*See* ¶ 6, *supra*.) However, the case has already been stayed for more than two years. In the unlikely event that the FDA's ruling does not dispose of this case, a few more months will make no noticeable difference in the parties' resumed discovery efforts. Despite references to "discovery-related costs" and "evidence lost or diminished due to the passage of time," *see* ¶ 6, *supra*, Imagenetix has pointed to no specific, articulable facts demonstrating that a continued stay will cause any prejudice. If Imagenetix is able to identify a specific piece of evidence that will disappear in the next few months, or quantify how reopening discovery today will reduce its data hosting fees between now and trial, Frutarom would be more than happy to meet and confer to discuss a possible resolution.

In 2014, the District Court for the Northern District of California addressed a similar issue when a plaintiff argued that staying discovery under the primary jurisdiction doctrine until the Federal Communications Commission rendered a decision would prejudice her in discovery. *Barrera v. Comcast Holdings Corp.*, No. 14-cv-00343-TEH, 2014 WL 1942829, at *4 (N.D. Cal. May 12, 2014) (unpublished decision) (attached for

the Court's reference as Exhibit 5).  Denying her request to permit limited discovery, the Court noted that the parties were under reciprocal obligations to preserve evidence.  *Id.* at *2, *4 (citing Fed. R. Civ. Pro. 26).  The Court further noted that the plaintiff likely already had possession of relevant evidence, such as her phone records; thus, she would not suffer discovery prejudice.  *Id*. at *4.  Here, as in *Barrera*, the parties are under an obligation not to destroy evidence, and Imagenetix has already had the opportunity to obtain relevant evidence through the discovery process prior to the Court's imposition of the stay.  For the reasons articulated in *Barrera*, this Court should find that Imagenetix will not be prejudiced by waiting until the FDA renders its decision, and deny Imagenetix's request to reopen discovery.

Reopening discovery after a two-year stay is no small task.  The parties, witnesses and counsel will have to expend significant time and resources getting back up to speed on the issues and facts in this case in order to complete discovery.  The Court will likewise have to expend time and resources resolving any and all discovery disputes that may arise.  (*See, e.g.,* Dkt. No. 50.)  Indeed, resuming discovery while the parties await the FDA's decision will likely increase the number of discovery disputes that will be presented to the Magistrate Judge, as the parties will have no idea what legal and factual issues will remain in the suit (and therefore, what discovery is relevant) until after the FDA renders its ruling.  Frutarom respectfully requests that this Court deny Imagenetix's request to reopen discovery unless and until it is certain that the case will proceed to trial.

//
//
//
//
//
//
//
//

**D.  Conclusion**

      In light of the fact that the FDA is actively considering Imagenetix's Citizen Petition, Frutarom respectfully requests that the Court take no action at this time. Frutarom will promptly notify the Court within 14 days of receiving a ruling from the FDA.

**Date:** February 19, 2016

                              **KOTCHEN & LOW LLP**

                              By: /s/Daniel Kotchen___
                                  Daniel Kotchen
                                  Attorney for IMAGENETIX, INC.

                              **DUANE MORRIS LLP**

                              By: /s/Frederick R. Ball
                                  Frederick R. Ball
                                  Keith Zakarin
                                  Karen L. Alexander
                                  Attorneys for FRUTAROM USA, INC.